IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DINK CLARK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Cv. No. 2:13-cv-02743-JPM-dkv |
| v. | ) | Cr. No. 2:06-cr-20181-BBD-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by Movant, Dink Clark, Bureau of Prisons register number 19959-101, who is currently incarcerated at the Federal Correctional Institution in Memphis, Tennessee. (§ 2255 Mot., *Clark v. United States*, No. 2:13-cv-02743-JPM-dkv (W.D. Tenn.), ECF No. 1.) For the reasons stated below, the Court DENIES the § 2255 Motion.

**I. PROCEDURAL HISTORY**

**A. Criminal Case Number 06-20181**

On May 18, 2006, a federal grand jury returned a single-count indictment charging that, on or about December 21, 2005, Clark, a convicted felon, knowingly possessed a Hermann Weihrauch, .38 special caliber revolver, in violation of 18 U.S.C. § 922(g). (Indictment, *United States v. Clark*, No. 2:06-cr-20181-BBD-1 (W.D. Tenn.), ECF No. 1.) The factual basis for the charge is stated in the presentence report ("PSR"):

### The Offense Conduct

4. According to the arrest ticket, on December 21, 2005, officers responded to a complaint of drug sales at 1015 Eldridge. Upon arrival, the defendant made eye contact with the officers. The officers exited their unmarked Chevrolet Tahoe, and the defendant immediately took off running. The defendant refused orders to stop and get on the ground. The officers gave chase, and observed the defendant pull a black revolver from his waistband, and toss it to the ground near the driveway at 1015 Eldridge. The officers eventually caught up to the defendant, and took him to the ground. The officers then went to the side door of 1015 Eldridge, and were met by Linda Williams. Williams verbally provided consent to search. The officers located 1.2 grams of crack cocaine that tested positive in the front room where Williams and two others (not charged) were located. Williams claimed ownership of the crack cocaine. The officers felt that the residence had the appearance of a "crack house" with straight shooters strewn about, and numerous people coming and going at random. The defendant refused to answer[] questions from the rights waiver form. It was further discovered that the defendant was a convicted felon.

. . . .

### Adjustment for Acceptance of Responsibility

7. The defendant stated to the probation officer that he accepts responsibility for having a firearm. The defendant stated that if he ever gets out of jail, he will never have a firearm or any ammunition again.

(PSR ¶¶ 4, 7.)

Pursuant to an oral agreement, Clark appeared before Judge Bernice B. Donald on February 5, 2007, to plead guilty to Count One of the Indictment. (Min. Entry, *United States v. Clark*, No. 2:06-cr-20181-BBD-1 (W.D. Tenn.), ECF No. 27; Order on Change of Plea, *id.*, ECF No. 28.) Clark appeared before Judge Donald on June 19, 2007, and June 22, 2007, for sentencing. (Min. Entries, *United States v. Clark*, No. 2:06-cr-20181-BBD-1 (W.D. Tenn.), ECF Nos. 33, 34.) Judge Donald sentenced Clark as an armed career criminal to a term of imprisonment of 180 months, to be followed by a three-year period of supervised release. (Min.

Entry, *id.*, ECF No. 34.)[1]  Judgment was entered on June 27, 2007.  (J. in a Criminal Case, *id.*, ECF No. 35.)  Clark filed several post-judgment motions in the district court, which were denied.  (*See, e.g.*, Mot. to Alter or Amend, *id.*, ECF No. 42; Order Denying Mot. to Amend, *id.*, ECF No. 46.)  Clark also filed several post-judgment motions in the Sixth Circuit Court of Appeals, which were also denied.  (*See, e.g.*, Pet. for Reh'g, *id.*, ECF No. 48; Order Denying Pet. for Reh'g, *id.*, ECF No. 49.)

### B. Case Number 13-2743

On September 24, 2013, Clark filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion").  (§ 2255 Mot., *Clark v. United States*, No. 2:13-cv-02743-JPM-dkv (W.D. Tenn.), ECF No. 1.)  This motion presents the following issue: "The court violated the petitioner's Fifth and Sixth Amendment rights when it assumed that three (3) of petitioner's prior convictions were qualifying offenses from a silent record."  (*Id.* at 5.)

---

[1] The 2006 edition of the *Guidelines Manual* was used to calculate Clark's sentencing range.  (PSR ¶ 8.)  Pursuant to § 2K2.1(a)(2) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for unlawful possession of a firearm is 24 when the defendant committed the offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.  (*Id.* ¶ 9.)  Clark received a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(b), resulting in a total offense level of 21.  (*See id.* ¶¶ 16-17.)  Given his criminal history category of IV, the guideline sentencing range ordinarily would have been fifty-seven to seventy-one months.  (*2006 Guidelines Manual*, Ch. 5, part A – Sentencing Table; PSR ¶ 53.)

Because of his prior convictions violent felonies, however, Clark was sentenced as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4.  (*See* PSR ¶ 18.)  Thus, the offense level was 33 and, after the reduction for acceptance of responsibility, the total offense level was 30.  (*Id.* ¶¶ 18-19.)  (Although paragraph 18 of the PSR states that "[t]he offense level will be 34 as it is the greatest," the PSR otherwise consistently indicates that the offense level before the reduction for acceptance of responsibility is 33.)  The guideline sentencing range was 135-168 months, with a restricted range of 180 months.  (*Id.* ¶ 53.)  Clark was subject to the mandatory minimum sentence of 15 years, or 180 months, pursuant to 18 U.S.C. § 924(e)(1).  (PSR ¶ 52.)

3

On September 30, 2014, the Court directed the Government to respond. (Order Directing Gov't Resp., No. 2:13-cv-02743-JPM-dkv (W.D. Tenn.), ECF No. 5.) The Government responded on October 28, 2014. (Resp., *id*., ECF No. 6.) Clark filed a reply on November 5, 2014. (Reply, *id.*, ECF No. 7.)[2]

## II. THE LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rule 4, Rules Governing Section 2254 and 2255 Proceedings for the United States District Courts ("§ 2255 Rules").

---

[2] Pending before the Sixth Circuit is Clark's April 29, 2016, application for leave to file a second or successive § 2255 motion. (*In re Clark*, 16-5564 (6th Cir.), ECF No. 1.) The Court does not find that the outcome of the application will affect the findings in this order. Clark, in the instant case, does not raise any challenge to the classification of his prior convictions as violent felonies, and to the extent that Clark raises a prima facie showing of a valid claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Court will defer to the Sixth Circuit's ultimate determination as to Clark's pending second or successive motion.

4

## III. ANALYSIS

Clark's § 2255 Motion raises a claim under *Descamps*. Clark asserts that "the prior convictions relied on for the purposes of sentencing under the ACCA do[] not qualify because there are no records to support what elements the defendant admitted to." (Mem. in Support of § 2255 Mot. at 7, *Clark v. United States*, No. 2:13-cv-02743-JPM-dkv (W.D. Tenn.), ECF No. 1-1.) *Descamps*, however, is both inapposite and not retroactively applicable to Clark.

In *Descamps*, the Court held that the modified categorical approach could not be used for crimes qualifying as ACCA predicate offenses which have a single, indivisible set of elements. 133 S. Ct. 2276, 2281-82 (2013). Clark asserts that the three prior convictions the district court used to sentence him as an armed career criminal were (1) a 1974 Mississippi conviction for bank robbery; (2) a 1974 Mississippi conviction for escape; and a (3) 1987 Missouri conviction for assault in the first degree and armed criminal action. (Mem. in Support of § 2255 Mot. at 6-7, *Clark v. United States*, No. 2:13-cv-02743-JPM-dkv (W.D. Tenn.), ECF No. 1-1; *see also* PSR ¶ 18.) Clark fails to include two other convictions: a 1981 Tennessee conviction for aggravated sexual battery and assault with intent to commit robbery with a deadly weapon and a 1988 Tennessee conviction for murder in the second degree. (*See* PSR ¶ 18.) First, the record indicates that although Clark, through his counsel, objected to his armed career criminal classification,[3] he conceded that "[e]ven if the Court [agreed with the objections and] consolidated [certain of the predicate offenses], there would still exist 3 qualifying offenses that have no connection." (Def.'s Objs. to PSR at 2, *United States v. Clark*, No. 2:06-cr-20181-BBD-

---

[3] Clark objected to the separate counting of the 1987 Missouri conviction and the 1988 Tennessee conviction (*see* Def.'s Objs. to PSR ¶ 2, *United States v. Clark*, No. 2:06-cr-20181-BBD-1 (W.D. Tenn.), ECF No. 32; *see also* PSR ¶¶ 28-29) and to the separate counting of the two Mississippi convictions, which he asserted were concurrent despite an intervening arrest (*see* Def.'s Objs. to PSR ¶ 3, *United States v. Clark*, No. 2:06-cr-20181-BBD-1 (W.D. Tenn.), ECF No. 32).

5

1 (W.D. Tenn.), ECF No. 32.)[4]  Second, the record does not indicate that Judge Donald, the sentencing judge, used the modified categorical approach to qualify any of the five prior convictions as ACCA predicate offenses.  (*See generally* Continuation of Sentencing Hr'g Tr. 10:8-12, 11:7-15:15, July 22, 2007, *id.*, ECF No. 56.)  Thus, the holding of *Descamps* is not directly related to the issue Clark raises in his § 2255 Motion.

Further, even if *Descamps* were to apply to the facts of Clark's case, courts in this district and circuit have declined to apply *Descamps* retroactively.  *See, e.g.*, *Bohannon v. United States*, No. 13-1255, 2015 WL 6036614 (W.D. Tenn. Oct. 15, 2015) (declining to apply *Descamps* to a motion for § 2255 relief), *appeal filed* No 15-6420 (6th Cir. Dec. 22, 2015); *Foster v. United States*, Nos. 1-11-cv-184, 1:07-cr-72, 2014 WL 4450143 (E.D. Tenn. Sept. 10, 2014) (same).  Thus, because the conviction from which Clark is appealing was final before the Supreme Court issued the *Descamps* decision in 2013, Clark would still not be entitled to relief under *Descamps*.[5]  Since *Descamps* does not apply to Clark, the Court DENIES his § 2255 Motion.

---

[4] Whether Clark admitted to any elements of the prior convictions is therefore irrelevant. *See Descamps*, 133 S. Ct. at 2286 ("[W]hether [the petitioner] ever admitted to [an element of a crime] is irrelevant.  Our decisions authorize review of . . . extra-statutory documents only when a statute defines [the crime] . . . alternatively, with one statutory phrase corresponding to the generic crime and another not. . . . [When] no uncertainty of that kind exists . . . the categorical approach needs no help from its modified partner.")  In the instant case, Clark did not challenge his prior convictions on the grounds that the statutes defined alternate crimes.  Further, Judge Donald did not use the modified categorical approach, *see infra* at 6, and Clark would likely not have raised a successful challenge, *see infra* at 6 n.5.

[5] Even if *Descamps* were retroactive, Clark would likely not be entitled to relief.  At least three of his prior state convictions are likely categorically violent felonies under the ACCA such that the modified categorical approach is not necessary.

A Mississippi conviction of bank robbery is likely a violent felony under the ACCA's use-of-force clause.  The Mississippi robbery statute states that: "Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery."  Miss. Code Ann. § 97-3-73 (1972).  The statute is analogous to the Tennessee robbery statute.  *Compare id. with* Tenn. Code Ann. § 39-13-401(a) ("Robbery is the intentional or knowing theft of property from the person of another by violence

## IV. APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

---

or putting the person in fear."). A Tennessee robbery conviction is considered a violent felony under the ACCA's use-of-force clause. *United States v. Bailey*, 634 F. App'x 473, 476-77 (6th Cir. 2015).

A Missouri conviction of "first-degree assault is a 'violent felony' under [the use-of-force clause of the] ACCA." *Wilson v. United States*, No. 10-0496-CV-W-ODS, 2010 WL 3614074, at *2 (W.D. Mo. Sept. 7, 2010); *see also State v. Adams*, 741 S.W.2d 781, 785 (Mo. Ct. App. 1987) ("A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." (quoting Mo. Rev. Stat. § 565.050 (1986))).

A Tennessee conviction of assault with intent to commit robbery with a deadly weapon is likely also a violent felony under the use-of-force clause. The Tennessee statute, since repealed, defining assault with intent to commit robbery with a deadly weapon stated that:

> Whoever shall assault another, with intent feloniously and willfully to commit a robbery, shall, on conviction, be imprisoned in the penitentiary not less than three (3) years nor more than fifteen (15) years. If the assault is committed *by means of a deadly weapon*, whether injury results to the person assaulted or not, the penalty on conviction shall be imprisonment in the penitentiary for not less [than] five (5) years nor more than twenty-one (21) years.

*State v. Staggs*, 554 S.W.2d 620, 622 (Tenn. 1977) (quoting Tenn. Code Ann. § 39-607), *overruled on other grounds by State v. Williams*, 977 S.W.2d 101 (Tenn. 1998); *see generally State v. Coffelt*, No. M2005-01723-CCA-DAC-CD, 2006 WL 2310597, at *3 (Tenn. Crim. App. Aug. 8, 2006) (quoting Tenn. Code Ann. § 39-607(a) (1980), which was repealed in 1982). The statute is analogous to the current Tennessee statute defining intentional aggravated assault. *Compare* Tenn. Code Ann. § 39-607 (repealed 1982) *with* Tenn. Code Ann. § 39-13-102(a)(1)(A)(iii) ("A person commits aggravated assault who intentionally or knowingly commits an assault . . . and the assault involved the use or display of a deadly weapon . . . ."). A Tennessee aggravated assault conviction for intentionally or knowingly committing an assault with a deadly weapon is considered a violent felony under the ACCA's "force" clause. *Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016).

The COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337 ("[A] court of appeals should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief."); *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Miller-El*, 537 U.S. at 337 ("Our holding should not be misconstrued as directing that a COA always must issue.").

There can be no question that the issues raised in Clark's § 2255 Motion are meritless for the reasons previously stated. Because any appeal by Clark on the issues raised in his § 2255 Motion does not merit review, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Id.* at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good

faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[6]

**IT IS SO ORDERED**, this 2nd day of September, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[6] If Clark files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.